ST. PAUL TRUST COMPANY v. ST. PAUL CHAMBER OF COMMERCE and Others.[1]

December 20, 1897.

Nos. 10,722—(177).

Note—Extension—Release of Sureties—Evidence—Answer—Amendment of Complaint—Discretion.

*Held* that:

1. The evidence justified the findings of fact.

2. The answer stated a defense.

3. The court did not abuse its discretion in refusing to allow the plaintiff to amend its complaint on trial.

Appeal by plaintiff from an order of the district court for Ramsey county, Willis, J., denying a motion for a new trial. Affirmed.

*Harvey Officer*, for appellant.

*Ambrose Tighe* and *E. P. Sanborn*, for respondents.

MITCHELL, J.

One of the defenses in this action was that the defendant guarantors or sureties on the note in suit had been released by the act of the plaintiff in granting to the maker extensions of time of payment without their knowledge or consent. On the first trial of the action the court found, in substance, that on two different occasions, without the knowledge of the sureties, the maker had paid and the plaintiff had accepted interest in advance on the note already past due, but that there was no express agreement between them that the time of payment should be extended; and, as a conclusion of law, the court found that the plaintiff was entitled to judgment against the sureties. This conclusion proceeded upon the theory that the payment and acceptance of interest in advance

1 Reported in 73 N. W. 408.

on a past-due note do not constitute an implied contract to extend the time of payment; that there must be an express agreement to that effect.

On the former appeal we held that this conclusion of law was not justified by the findings of fact; that the payment and reception of interest in advance on a past-due note, by the act and assent of the holder and maker, constitute, in the absence of any contrary understanding or agreement, an implied contract to extend the time of payment for the period for which the interest is paid in advance. St. Paul v. St. Paul, 64 Minn. 439, 67 N. W. 350. On the second trial the court made substantially the same findings of fact as before, except that they were made more specific in one particular, by stating that at the time these payments of interest were made there was no express agreement between the plaintiff and the maker of the note either that the time of payment should, or that it should not, be extended. To these findings the court applied the law as laid down by this court, and held that the plaintiff was not entitled to recover.

The present appeal is upon a settled case, and the assignments of error challenge—First, the sufficiency of the evidence to justify the findings of fact; and, second, the correctness of certain rulings of the court on the trial. Upon the first of these questions, all we deem necessary to say is that in our opinion the findings of fact were amply justified by the evidence.

2. The first assignment of error raises the question of the sufficiency of the answer to admit any evidence of a release of the sureties by plaintiff's granting to the maker an extension of time of payment without their knowledge or consent. The specific objections to the allegations of the answer in that regard are—First, that it is not alleged that the payments of interest were made by the maker; and, second, that if defendants relied on a contract of extension, implied from the payment and acceptance of interest in advance, the facts should have been specially pleaded.

The answer (subdivision 9) is not a model pleading, but we think the fair construction of its allegations is that the extensions were granted to the maker for a consideration by it paid to the plaintiff. This is, it seems to us, necessarily implied in the allegation that

these extensions were granted without the consent or permission of the defendants. As against an objection first raised on the trial we think the answer was good. The plaintiff could not have been taken by surprise, for it was fully advised on the first trial just how the extensions were claimed to have been given. A sufficient answer to the second objection is that the defendants were not required to plead the evidence by which they proposed to prove the extensions. If the plaintiff desired that the pleading should be made more specific, its remedy was by motion for that purpose.

3. In its complaint the plaintiff had expressly alleged that interest on the note had been paid in full to July 1, 1894. The trial commenced about seven months after the opinion in the former appeal had been handed down. The plaintiff had introduced its evidence and rested. The defendants had commenced the introduction of their evidence and had called as a witness in their own behalf plaintiff's president, who admitted the payment of interest on the note as alleged in the complaint, and as corroborated by the indorsements upon the note itself. Thereupon the plaintiff asked leave to amend its complaint by striking out the allegation that the interest had been paid in full to July 1, 1894.

This payment of interest, if made at all, was made in the month of June previous and was one of the payments of interest in advance relied on by the defendants as constituting an extension. The court postponed the further trial of the case for about a month, to enable plaintiff to procure and prepare affidavits in support of its motion for leave to amend, and, after a full hearing upon affidavits and counter affidavits, refused to allow the amendment. The affidavits used on the motion were quite voluminous, and it would be useless to consider their contents at any length. Suffice it to say that they did not present a state of facts calculated to impress a court favorably with the attempt to change base at so late a day. It certainly was not an abuse of discretion, under the circumstances, to refuse leave to amend.

There are numerous other assignments of error, relating to the admission or exclusion of evidence. To discuss them fully and intelligibly would, in most instances, require quite an extended statement of the evidence, the issue to which the evidence rejected or

admitted referred, as well as its connection with and relation to other parts of the evidence. None of the questions involved would be of any value, except in the present case. We have, carefully examined all of these assignments of error, in connection with the parts of the record to which they relate, and are of opinion that none of them is well taken. But, for the reasons already given, we do not feel that we are required to discuss them.

Order affirmed.