CELINA PATNODE V. JOSEPH DESCHENES AND WM. C. LEISTIKOW.

Opinion filed January 27, 1906.

**Cancellation of Instrument for Fraud—Evidence Sufficient.**

1.  Upon a trial de novo of an action to cancel a conveyance, which is in form a warranty deed, upon the ground that the plaintiff's signature thereto was obtained by fraud, it is *held* that the finding of the trial court against the allegations of fraud is sustained by the evidence.

**Married Women—Separate Acknowledgement—Knowledge of Contents and Purport of Instrument.**

2.  It is not essential to a valid acknowledgment by a married woman, under the statutes of this state, that she shall be examined apart from her husband, or that the contents of the instrument which she executes shall be explained to her. Her position is not different from that of a feme sole. She is presumed to know the contents and purport of an instrument which she executes, and cannot contest its validity upon the ground that she executed it without knowing its contents, unless fraud is shown.

**Deed as Mortgage—Execution.**

3.  The finding of the trial court (1) that the deed in question was duly executed and acknowledged by the plaintiff and her husband, and (2) that it was given for security only and is in legal effect a mortgage, is sustained by the evidence; and the judgment of foreclosure awarded to the defendant, the transferee of the note secured thereby, upon his first counterclaim, is approved.

**Surety—Release by Extension of Time—Consent.**

4.  A surety who would absolve himself from liability as such because of an extension granted to his principal, must allege and prove that such extension was given without his consent.

**Mortgage—Reward—Actual and Constructive Notice.**

5.  On April 15, 1895, the plaintiff and her husband executed and delivered a warranty deed to one Deschenes, which was duly recorded. The deed was, in fact, given for security. No instrument of defeasance was executed, acknowledged and recorded. On December 19, 1898, the defendant Leistikow made a real estate loan of $2,000 upon the property to Deschenes. In doing so he relied upon the record title and Deschenes' apparent ownership, and had no actual notice or knowledge that the deed to Deschenes was other than what it purported to be. It is *held*, construing and applying section 4730, Rev. Codes 1899, that the plaintiff's deed, which purports to be an absolute conveyance, cannot, as to this defendant, be defeated or affected by the parol agreement with Deschenes, of which the defendant had

no actual notice, and that the defendant is entitled to a judgment of foreclosure.

Appeal from District Court, Walsh county; *W. J. Kneeshaw,* J.

Action by Celina Patnode against Joseph Deschenes and W. C. Leistikow.  Judgment for defendants, and plaintiff appeals.

Modified.

*E. R. Sinkler (C. F. Templeton,* of counsel), for appellant.

Both spouses must sign and acknowledge instrument affecting homestead.  Rev. Codes 1899, section 3608.

Statute must be literally complied with.  Section 4, chapter 67, laws of 1891; Cumps v .Kuyo, 80 N. W. 937; Dunn v. Tozer, 10 Cal. 167; Lies v. DeDiablar, 12 Cal. 328; Merced Bank v. Rosenthal et al., 31 Pac. 849; Horboch v. Tyrrell, 67 N. W. 485; Havemeyer v. Dahn et al., 67 N. W. 489; Sav. & Loan Ass'n. v. Strine, 78 N. W. 377; Sewell et al. v. Haymaker, 127 U. S. 719, 32 L. Ed. 299, 8 Sup. Ct. Rep. 1348; Warvelle on Vendors, section 518.

Extension invalidates security.  Fellows v. Prentiss, 45 Am. Dec. 484; Smith v. Sheldon, 24 Am. Rep. 529; Hunt v. Smith, 31 Am. Dec. 286; The American Button-Hole, Overseaming and Sewing Machine Co. v. Gurnee, 44 Wis. 49; Andrews v. Marrett, 58 Me. 539, 27 Am. & Eng. Enc. Law, 505; Appleton v. Parker, 15 Gray, 173; Elyton v. Hood, 25 So. 745.

Open and visible possession and occupancy of land is notice of occupant's right.  O'Toole et al. v. Omlie et al., 8 N. D. 444, 79 N. W. 849; Dickson v. Dows, 92 N. W. 798, 11 N. D. 407; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 Sup. Ct. Rep. 239; Hodges' Executor v. Amerman, 2 Atl. 257; Springfield Homestead Ass'n. v. Roll, 137 Ill. 205, 27 N. E. 184; Murphy v. Plankinton Bank et al., 83 N. W. 575; Security Loan & Trust Co. v. Willamette Steam Mills, Lumber & Mfg. Co. et al., 34 Pac. 321, 323; New v. Wheaton, 24 Minn. 406; Goff v. State Bank, 52 N. W. 651; Maupin v. Emmons, 47 Mo. 304; Brinkman v. Jones, 44 Wis. 498.

Mortgage of homestead is void, if wife  of  the  mortgagor's grantor failed to acknowledge the deed to him.  Wheelock v. Caritt, 91 Texas, 97, 45 S. W. 796, 66 Am. St. Rep. 920; LeMesnager et al. v. Hamilton et ux., 101 Cal. 532, 35 Pac. 1054, 40 Am. St. Rep. 81; Allen v. Lenoir, 53 Miss. 321; Camp v. Carpenter, 52 Mich. 375; Central Bank v. Copeland, 18 Md. 305, 81 Am. Dec. 597.

Leistikow was a mere volunteer, neither surety nor lien-holder, and not entitled to subrogation. Aetna Life Ins. Co. v. Middleport, 124 U. S. 534, 31 L. Ed. 537; Opp v. Ward et al., 125 Ind 241, 24 N. E. 974; Sudduth v. Gullaher, 248 S. W. 880; Desot v. Ross, 95 Mich. 81, 54 N. W. 694; Skinner v. Terrel, 159 Mass. 475, 34 N. E. 692; White et al. v. Cannon et ux., 125 Ill. 412, 17 N. E. 753; Cumberland Building & Loan Ass'n. v. Sparks, 106 Fed. 101; Kline v. Rugland, 14 S. W. 474; Kocher v. Kocher, 39 Atl. 536; Ft. Dodge Building & Loan Ass'n. v. Scott, 53 N. W. 283; Bible v. Wiscarer, 50 S. W. 670; Wormer & Son v. Waterloo Agricultural Works et al., 14 N. W. 331; Bank of Ackley v. Porter et al., 89 N. W. 1094; Fetter on Equity, section 170; Jefferies et al. v. Allen et al., 7 S. E. 828, 831; Rice v. Winters et al., 63 N. W. 830; Meeker v. Larson et al., 90 N. W. 958; Pollock et al. v. Wright et al., 87 N. W. 584; Campbell v. Ass'n., 30 Atl. 222; Gerber v. Upton, 82 N. W. 363; Wadsworth v. Blake, 45 N. W. 1131; Koehler v. Hughes, 148 N. Y. 507, 42 N. E. 1051; Price v. Courtney, 87 Mo. 387; Berry v. Bullock, 33 So. 410; Downer v. Miller, et al., 15 Wis. 612.

He was guilty of negligence in advancing his money without inquiring as to plaintiff's rights. Subrogation is not allowed to such. Peters v. Huff et al., 88 N. W. 179; Ft. Dodge Building & Loan Ass'n. v. Scott, supra; Mather v. Jenswold, 32 N. W. 512; Gray v. Zelmer, 72 Pac. 228.

To entitle one to subrogation he must plead facts showing him entitled to it. Richardson v. Traver, 112 U. S. 423, 28 L. Ed. 804; Satterlund v. Beal, 95 N. W. 518, 12 N. D. 122; Anderson v. Chilson et al., 65 N. W. 435; Moorman v. Wood, 117 Ind. 144; Pollock v. Wright, supra.

*Myers & Myers,* for respondent.

Constructive or legal notice is an inference of law, or legal conclusion. Bonzalus v. Hoover, 6 Serg. & Y. R. 118; Birdsall et al. v. Russell, 29 N. Y. 220; Bradburg, v. Inhabitants of Falmouth, 18 Me. 65; 12 Enc. Pl. & Pr. 1025, par. 2; Id. volume 18, page 803, par. 3.

A surety claiming discharge by reason of extension without his consent, his is the burden to prove lack of consent. Washington Slate Co. v. Burdick, 62 N. W. 285; Guderian v. Leland, 63 N.

W. 175; Shepherd v. May, 6 Sup. Ct. 119, 2 Brandt Sur., section 377; 27 Enc. Law (2d Ed.) 507; 16 Enc. Pl. & Pr. 934; University of Ill. v. Hayes, 87 N. W. 664; Riley v. Riley et al., 84 N. W. 347.

When a defeasance has not been recorded, possession is not actual notice, and does not protect the possessor against an otherwise innocent purchaser or incumbrancer. Crassen v. Swoveland, 22 Ind. 434; Exon v. Dancke et al., 32 Pac. 1045; Lamb v. Pierce, 113 Mass. 72; Brinkman v. Jones, supra; Tuttle v. Churchman, 74 Ind. 315; Brophy v. B. D. Co., 15 Nev. 113.

Possession is constructive, as distinguished from actual notice. Crassen v. Swoveland, supra; Tuttle v. Churchman, supra; Lamb v. Pierce, supra; Koon v. Kramel et al., 32 N. W. 243; Pomeroy v. Stevenson, 11 Metc. 244; Parker v. Osgood, 3 Allen, 487; Brinkman v. Jones, supra; Dooley v. Walcott, 4 Allen, 406; Sibley v. Leffingwell, 8 Allen, 584; Red River V. Land & Inv. Co. v. Smith, 74 N .W. 194, 7 N. D. 236.

Subrogation is confined to the relation of principal and surety and lienholders forced to take up a paramount claim for his protection. Bank v. Bierstadt, 48 N. E. 161.

This principal has been expounded by later decisions. Heuser v. Sharman, 56 N. W. 526; Emmert v. Thompson et al., 52 N. W. 31.

Under a later authority, one, paying off an incumbrance on realty at the instance of the owner of the property or holder of the incumbrance, either on the express understanding or under circumstances from which such understanding will be implied, that the advance made is to be secured by a first lien on the property, is not a volunteer. 27 Am. & Eng. Enc. Law (2d Ed.) 247, section 5; Wilton v. Mayberry et al., 43 N. W. 901, 6 L. R. A. 61; Carey v. Boyle et al., 11 N. W. 47; Gans v. Thieme, 93 N. Y. 225; Wall v. Mason, 102 Mass. 314; Union Mortgage, Banking & Trust Co. et al. v. Peters & Trezevant et al., 30 L. R. A. 833, 18 So. 497; Emmert v. Thompson, supra; Whiteselle v. Texas Loan Agency, 27 S. W. 309; Park v. Kirbs, 60 S. W. 905; Wyman v. Johnson, 59 S. W. 250; Rachel v. Smith, 101 Fed. 159; Bruschke et al. v. Wright et al., 46 N. E. 818; Amick v. Woodworth et al., 50 N. E. 437; Levy v. Martin, 4 N. W. 35; Arlington State Bank v. Paulson et al., 78 N. W. 303; Crippen et al. v. Chappel et al., 11 Pac. 453; Heuser v. Sharman, supra; Boewink v. Christiaanse et al., 95 N. W. 652; Veeder v. McKinley Lanning Loan & Trust

Co. et al., 86 N. W. 982; Lashua et ux. v. Myhre, 93 N. W. 811; Sproal v. Larson et al., 101 N. W. 213; Baker v. Baker et al., 49 N .W. 1064; Bank of Ipwish v. Brock et al., 83 N. W. 436; Home Inv. Co. v. Clarson et al., 90 N. W. 153.

Under statutes similar to ours, South Dakota has applied the rule. Bank v. Brock, supra; Home Inv. Co. v. Clarson, supra; Baker v. Baker et al., 49 N. W. 1064.

YOUNG, J. The plaintiff brought this action to set aside a conveyance, in form a warranty deed, purporting to have been executed by the plaintiff and her husband on April 15, 1895, and conveying 160 acres of land situated in Walsh county to one Joseph Deschenes; also to set aside a certain mortgage thereon subsequently executed by Deschenes in favor of William C. Leistikow, and securing an indebtedness of $2,000. Paintiff, who, prior to the execution of the deed above mentioned, concededly was the owner of the premises, alleges as grounds for avoiding it that "no consideration was paid for said conveyance," that her signature was obtained by fraud, and that, in consequence, it is void, and that Leistikow took the $2,000 mortgage with notice of plaintiff's rights and that it is also void. Deschenes and Leistikow were both made defendants. Leistikow alone answered. His answer places in issue all facts alleged as grounds for cancellation, and alleges that the conveyance, while in form a deed, was, in fact, given to Deschenes to secure an indebtedness of $1,992.25, which the plaintiff's husband then owned him, the same being evidenced by their joint promissory note; that, on or about April 1, 1901, and since the commencement of this action, said note was duly transferred to him by one R. B. Griffith, Deschenes' trustee in bankruptcy, and is still unpaid; that prior thereto and on December 19, 1898, and without notice or knowledge that the deed from plaintiff to Deschenes was given for security, and in reliance upon the notice imparted by the recording of said deed, i. e., that Deschenes was the fee-simple owner, he loaned to the latter the sum of $2,000, which said sum the said Deschenes secured by a mortgage upon the land in question; that no part of this sum has been paid; that $1,400 of the said sum of $2,000 so loaned to Deschenes was paid by said Leistikow in extinguishment of mortgages which had theretofore been placed upon the premises by the plaintiff and her husband. The answer prays that the deed may be declared to be a mortgage and for a foreclosure of the same; and for the foreclosure of

the $2,000 mortgage. The trial court found that there was no fraud in procuring the deed; that it was given as security and is in legal effect a mortgage; that defendant is entitled to have the property sold to satisfy the debt which it was given to secure. The judgment declares the deed of April 15, 1895, to be a mortgage and awards a foreclosure of the same, but makes no disposition of the issues in reference to the $2,000 mortgage. Plaintiff appeals from the judgment, and demands a review of the entire case.

The plaintiff contends that her signature to the deed to Deschenes, which she seeks to have canceled, was obtained by fraud. She alleges that she cannot read, write, or speak the English language; that Thomas Tharalson, the notary public who presented the instrument to her for execution stated that "he had a paper which he had obtained from Joseph Deschenes (referring to deed), and that said paper had been agreed to between Joseph Deschenes and said Cyril Patnode, plaintiff's husband, and that it was all right for plaintiff to sign same, and that said Cyril Patnode had instructed him to get her signature to said paper;" that the statement that the instrument had been agreed to by Deschenes and her husband and that the latter wished her to sign it, was false; that the instrument was not read to her; that she was not indebted to Deschenes; that she relied upon Tharalson's statement as to the agreement between Deschenes and her husband, and as to the latter's wishes, and would not have signed the instrument but for such statement. The trial court found against the plaintiff upon the allegation of fraud, and an examination of the evidence has satisfied us with the correctness of the finding. The instrument in question, which is in form a warranty deed, bears the signature of the plaintiff, written by herself, and of two witnesses. namely, T. H. Tharalson and Lea Baillargeon. It also bears the signature of her husband, which the evidence shows was affixed in Tharalson's office in Grafton, by making his mark in the presence of several witnesses. The notary's certificate, which is in all respects regular in form, names the 29th day of April, 1895, as the date of the acknowledgment. It is shown that as of the date of the deed, the plaintiff and her husband executed their promissory note for $1,992.35, payable to Deschenes, and the plaintiff's signature on the note was written by herself.

As explanatory of the transaction it may be said that Deschenes was then, and for several years prior thereto had been, a

dealer in general merchandise in the city of Grafton. The plaintiff's family consisted of herself, her husband, and fourteen children. Their home was upon the land in question, which is situated near Grafton. For a number of years prior to this transaction they had purchased almost all of their family and farm supplies from Deschenes, and during that time had been indebted to him in various amounts. In 1891 Patnode's indebtedness was $635. The plaintiff joined her husband in executing a note for that sum, and also executed a mortgage upon the property now in question to secure it. The indebtedness, instead of decreasing, kept increasing, and in April, 1895, it amounted to $1,992.35, and the note above mentioned was given to cover it. Deschenes testified: That Patnode wanted further credit. That he refused to give it unless he was given a deed of the farm, executed by his (Patnode's) wife and himself. "I said, 'you give me a deed of the farm and I will extend you more credit,' I said, 'I don't want your farm.' I said, 'When you pay me I will deed your farm back to you or anybody else when you want me to do it.' " That Patnode assented to this, and that the note for $1,992.35, and the deed in question were executed in pursuance of that arrangement. That he and Patnode went together to Tharalson's office and had the deed drawn. That Patnode signed it there. That Patnode stated that his wife could not come in to sign the deed. That he (Deschenes) then said to Patnode: "I will send Tom tomorrow to get it signed. I said, 'you can tell her that Tom will be there tomorrow.' " Tharalson testified on this point as follows: "Mr. Patnode and Mr. Deschenes came up in the office and told me that they wanted a deed written, and gave me the description, and I drew the deed and Mr. Patnode signed it, and there was some conversation as to whether Mrs. Patnode could come in and sign it; but it was finally decided that I would have to go out there, and I went down to Mr. Patnode's place to get it signed. I think it was the next day." The trial court gave credence to this testimony, and we think rightly so. True, Patnode broadly denies everything, but his denials are not consistent, and are contradicted by the circumstances surrounding the transaction; and his wife's readiness to sign the instrument when informed that it had been arranged between Deschenes and her husband confirms the truth of Deschenes' statement as to what the arrangement was, and that her husband had fully explained it to her. The burden was upon the plaintiff

to establish the fraud alleged as grounds for cancellation; i. e., the falsity of Tharalson's statement that the paper had been agreed upon between Deschenes and her husband, and that the latter wished her to sign it. This she has not done, and must, therefore, fail in her action.

The contention that the conveyance was without consideration is without merit. As above shown, Deschenes agreed to extend further credit to plaintiff's husband. He also extended the time of payment of the then existing indebtedness of $1,992.35 upon a large part of which the plaintiff was personally liable, until October 15th, following, and the plaintiff and her husband executed and delivered to Deschenes their promissory note for that sum in pursuance of that agreement. This constituted a sufficient consideration.

We now turn to the defendant's first counterclaim for foreclosure. The trial court held that the deed was in legal effect a mortgage to secure the note for $1,992.35, and entered judgment for its foreclosure. The plaintiff replied to this counterclam by a general denial of all allegations inconsistent with the allegations of the complaint. The question presented is whether the evidence sustains the allegations of the counterclaim. We agree with the trial court that it does. The existence of the debt and its nonpayment is not disputed, and this is true as to the actual signing of the instrument in question by plaintiff and her husband. That it was not obtained by fraud and was given for security only has already been shown. Two objections are urged: (1) That the property in question was a homestead and that the instrument was not acknowledged by the plaintiff; and (2) that in any event plaintiff was merely a surety and that she was released by an extension granted to her husband.

Neither of these contentions can be sustained. It is true that an acknowledgement by both husband and wife of a conveyance of the homestead is essential to its validity. This is required by section 3608, Rev. Codes 1899, which reads as follows: "The homestead of a married person cannot be conveyed or incumbered, unless the instrument by which it is conveyed is executed and acknowledged by both husband and wife." The certificate of acknowledgment attached to this instrument is regular in form. It recites that Celina Patnode and Cyril Patnode, her husband, executed the instrument, were known to the notary, and "that they

severally acknowledged that they executed the same freely and voluntarily." It is a well-settled rule that "where a certificate of acknowledgment is regular on its face, a strong presumption exists in favor of its truth, and the burden of proof rests upon the party assailing it. The proof to overthrow a certificate regular on its face must be so clear, strong and convincing as to exclude every reasonable doubt as to the falsity of the certificate." 1 Cyc. 623, and cases cited; 2 Jones on Conveyancing, section 1196; McCardia v. Billings, 10 N. D. 373, 379. 87 N. W. 1008, 88 Am. St. Rep. 729. The claim that the plaintiff did not, in fact, acknowledge the execution of this instrument, as recited by the notary's certificate, has no support in the evidence. The notary went to her residence for the sole purpose of having her sign it, and because of her inability to understand the English language, obtained an interpreter, one Lea Baillargeon, to explain his mission. It is not clear how fully the instrument was explained to her, but that is not material. She signed it in the presence of the notary and the interpreter, and signed it willingly, and, as we have already seen, her signature was not obtained by fraud. In some states it is made the duty of a notary public in taking the acknowledgment of a married woman to examine her apart from her husband and to explain to her the nature of the instrument. Dewey v. Campan, 4 Mich. 565, and Fisher v. Meister, 24 Mich. 447, relied upon by counsel, were decided under such a statute. Our statute imposes no such duty upon a notary in taking the acknowledgment of a married woman. He is not required to examine her apart from her husband or to explain to her the nature of the instrument. She stands in the same position as a feme sole. She is assumed to know the contents and nature of the instrument signed by her. The rule which applies '~ the husband applies to the wife. "The grantor is presumed to know the contents and purport of the deed he executes. He cannot contest its validity on the ground that he executed it without knowing its contents, unless fraud is shown." See 2 Jones on Conveyancing, sections 1009 and 1138, and cases cited. In this case, as already stated. fraud has not been shown.

The contention that the plaintiff was released from her obligation by an extension of the time of payment is based upon the fact that on January 2, 1897, her husband executed three notes covering in the aggregate the amount of the indebtedness, and

due in 1897, 1898 and 1899, respectively. It is not necessary to determine whether the giving of these notes did in fact extend the time of payment of the note signed by the plaintiff or whether her relation to the debt was that of surety. There is an entire absence of allegation and proof of facts which in law would operate as a release, even though she were a surety. It is well settled that in order to establish a release "the burden is on the surety to plead and prove that such extension was given without his consent." Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; Gunderlain v. Leland, 61 Minn. 67, 63 N. W. 175; Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456; 27 Am. & Eng. Enc. Law (2d Ed.) 507; Brandt on Suretyship, section 337, and cases cited. There is in this case no allegation as to an extension, and if time was extended it does not appear that it was without plaintiff's consent. The judgment of foreclosure was proper.

We now come to the defendant's second counterclaim, in which he sets up the $2,000 mortgage which was executed by Deschenes and wife on December 19, 1898, and prays that it be decreed to be a valid lien upon the premises for the full amount secured thereby or if that be found inequitable, that it be held to be a valid lien to the extent that it represents payment of the prior mortgages placed upon the property by the plaintiff and her husband. The findings of fact fully cover the facts involved upon this issue. The trial court found in substance that when the $2,000 mortgage was executed by Deschenes there were two outstanding mortgages upon the premises executed by the plaintiff and her husband; that said mortgages had been assigned to one J. L. Cashel, and that the mortgages and assignments were of record; that the debts secured thereby were past due and unpaid, and that the said Cashel was pressing for payment; that he applied to the defendant Leistikow for a loan upon the premises "for the avowed and express purpose of taking up and paying said two outstanding mortgages;" that for the purpose of securing such loan Deschenes represented to Leistikow that he was the owner of the land, and that the sum proposed to be borrowed was for the express purpose of paying off the prior incumbrances, and that the $2,000 mortgage would then be a first lien; that said Leistikow examined the record title, and ascertained that Deschenes held the legal title by a complete chain of conveyances, and that it was unencumbered except by the mort-

gages above referred to; that he had "no notice or knowledge, except as the possession thereof by the plaintiff charged him with constructive notice that that plaintiff had or claimed to have any right or interest therein;" that he fully believed Deschenes was in fact the fee-simple owner of said land, and in reliance thereon loaned to him the sum of $2,000, and took the mortgage in question; that from the sum so loaned he paid to the said Cashel the sum of $1,462.35, the amount due on said prior mortgages, and received and placed of record the satisfaction of the same, and paid the remainder of the $2,000 to Deschenes. The trial court also found that when Leistikow received this mortgage, the plaintiff and her husband, with their family, were residing upon the premises; that "Leistikow had no express or actual notice of any kind of such possession, * * * nor did he at that time or for a long time thereafter have any knowledge of the parol agreement for the reconveyance by Deschenes to the plaintiff." As already stated, the record contains no conclusions of law upon this counterclaim, and it is not referred to in the judgment.

Counsel for defendant contend (1) that the Deschenes mortgage is a valid lien for the full amount which it purports to secure, or (2) if that be held inequitable, that the defendant is entitled to be subrogated to the rights of the original mortgagees whose mortgages he paid and discharged of record under the circumstances above set out. The solution of the first proposition, i. e., that the mortgage is valid and enforceable for the full amount, and this is the only question we need consider—turns entirely upon the question as to whether the defendant Leistikow had "actual notice" of the true nature of plaintiff's conveyance to Deschenes. Her conveyance to Deschenes was in form a warranty deed and purported to be an absolute conveyance. It was in fact given for security, and as between the parties and those having "actual notice" was in legal effect a mortgage. No defeasance was executed, acknowledged and recorded. As to purchasers and incumbrancers in good faith and without "actual notice" the deed must be given effect for what it purports to be; that is, an absolute conveyance. This is settled by section 4730, Rev. Codes 1899, which reads as follows: "When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs

or devisees or persons having actual notice, unless an instrument of defeasance duly executed and acknowledged shall have been recorded in the office of the register of deeds of the county where the property is situated." It is apparent that the plaintiff's deed to Deschenes cannot be defeated or affected as to the defendan , unless he had "actual notice" within the meaning of the above section. That he did not have "actual notice" will be made apparent by an examination of the legislative definition of "actual notice." Section 4730, supra, is a part of the Civil Code. Other sections of the same Code define the meaning of the phrase "actual notice." The legislature has not left it open for judicial definition. It has itself declared the meaning which is to be ascribed to it. Section 5106: "*    *    *    The words hereinafter explained are to be understood as thus explained." Section 5115: "Notice is either actual or constructive." Section 5116: "Actual notice consists of express information of a fact." Section 5117: "Constructive notice is notice imputed by the law to a person not having actual notice." Section 5118: "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

The most that can be said is that the defendant had constructive notice because of plaintiff's possession. It is not claimed, and cannot be claimed under the evidence in this case, that he had "actual notice;" i. e., "express information of the fact" that the plaintiff's deed to Deschenes was for security. He not only had no knowledge of that fact, but he was also ignorant of the fact that plaintiff was in possession. It does not avail the plaintiff to say that he had constructive notice, for the legislature has taken from her the right to contradict the terms of her deed and say that it is in fact a mortgage, except as to her grantee, his heirs or devisees, and persons having "actual notice." She cannot, therefore, assert as to the defendant who took his mortgage from Deschenes without "actual notice," that her deed to Deschenes was merely a mortgage. What effect as notice a grantor's possession after conveyance would have under the general rule and independent of statute we need not discuss. The views expressed by this court are not in harmony. See Red River Valley Land Co. v. Smith, 7 N. D. 236, 74 N. W. 194, and O'Toole v. Omlie, 8 N. D. 444, 79 N.

W. 849. In both of these cases the governing statute, section 4730, supra, was apparently overlooked both by court and counsel. The statute is unambiguous. Under it one standing in the position of the defendant as an incumbrancer without "actual notice" is given the right to demand that as to him the plaintiff's deed shall not be defeated or affected. It follows that the defendant is entitled to judgment confirming the validity of this mortgage and for the relief prayed for in his answer.

The district court will modify its judgment to conform to the conclusion herein announced, and, as thus modified, the judgment will be affirmed. All concur.