### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT

#### OF

# NORTH DAKOTA

---

E. RUTH GRAY V. FRED E. HARVEY, LILLIAN HARVEY, O. W. KERR COMPANY (APPELLANT), OSCAR W. KERR, JOHN F. CASSELS, ELLA M. CASSELS AND WILLIAM A. MARIN.

Opinion filed Nov. 15, 1907.

**Mortgage — Bona Fide Purchaser — Notice.**

1. A mortgagee in a real estate mortgage, without actual notice of the rights of a vendee in a contract for the purchase of the real estate covered by the mortgage, which contract has been orally assigned as security, is an innocent purchaser, although such vendee is in possession of the land when the mortgage is taken. Patnode v. Deschenes 15 N. D. 100, 106, N. W. 573, followed as to the construction of section 6179, Rev. Codes, 1905

**Same — Possession of Owner — Landlord and Tenant.**

2. Land which is farmed by a tenant under a lease from the owner is in possession of the owner, and not of the tenant.

**Same.**

3. Evidence examined, and *held* to show that possession was relinquished by the vendee in a contract for the purchase of land, and taken by the mortgagor before the mortgage in suit was executed and delivered.

Appeal from District Court, Cass county; *Pollock, J.*

Action by E. Ruth Gray against the O. W. Kerr Land Company. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Turner & Wright,* for appellant.

Such assignment cannot be made an absolute transfer by oral agreement.   Rev. Codes 1905, section 5332; Murray v. Walker, 31 N. Y. 399.

Possession of land is notice of possessor's interest.   O'Toole v. Omlie, 8 N. D. 444, 79 N. W. 849; Moyer v. Hinnman, 13 N. Y. 181; Paige v. Waring, 103 N. Y. 636; Ewing v. Burnet, 11 U. S. 39, 9 L. Ed. 624; Ellicott v. Pearl, 11 U. S. 411, 9 L. Ed. 475; Murphy v. Doyle, 33 N. W. 221; Costelloe v. Edson, 46 N. W. 300; Simmons Creek Coal Co. v. Coran, 142 U. S. 442, 35 L. Ed. 1063: Morrison v. Kelley, 74 Am. Dec. 169; Gage v. Morosick, 71 N. W. 930; Sauers v. Giddings, 51 N. W. 265; Curtis v. Campbell, 20 N. W. 69; Cook v. Clinton, 31 N. W. 317; Harris v. McGovern, 9 Otto, 161, 25 L. Ed. 317; Murray v. Hudson, 32 N. W. 889; Whit-aker v. Erie Shooting Club, 60 N. W. 983; Buck v. Holt, 37 N. W. 377.

Annual cropping is possession.   Cook v. Clinton, supra; Dice v. Brown, 67 N. W. 253; Brown v. Volkening, 64. N. Y. 76.

*Robert M. Pollock* and *Herman Winterer,* for respondent.

A deed is not defeated by an oral defeasance as to one without actual notice.   Rev. Codes 1905, section 6179; Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573.

MORGAN, C. J.   This is an action to foreclose a real estate mortgage.   The Kerr Land Company, one of the defendants, claims that it has judgment liens on the mortgaged premises superior to that of plaintiff's mortgage.   These judgments were rendered against one Cassels, who, it is claimed, had an interest in the land under a contract for the purchase thereof when the judgments were rendered and docketed.   Executions were duly issued on said judgments, and levies made upon the land involved in the mortgage in suit, and said land sold to the judgment creditors.   The plaintiff is the assignee of the mortgage in suit, which was given on December 21, 1904, and assigned to the plaintiff on October 30, 1905.   The mortgage was given by one Fred E. Harvey, who was the owner of the legal title and was in possession and control of the premises when the mortgage was given.   He became the owner of these premises

through a conveyance by deed from the Farm Land Company and from the Realty Investment Company; each company being then the owner of 160 acres of the 320 acres covered by the mortgage. These two grantors delivered the deeds to Harvey upon surrender of the land contracts, which had been assigned to him by Cassels, the then holder of said contracts. Harvey received these contracts as collateral security for an indebtedness due from Cassels to him. There were two separate contracts of sale—one from the Farm Land Company, and the other from the Realty Investment Company. One of these contracts was delivered to Homer E. Smith on May 8, 1900, and after several assignments preceding it was duly assigned by one Bryan to Cassels on September 11, 1904. The other contract was assigned to Cassels by an assignee of the vendee on December 10, 1901. It was while Cassels held these contracts that the judgments under which the defendant the Kerr Land Company claims a lien on Cassells' interest in the land were rendered. There were no buildings on the land. The land was agricultural in character, and was farmed by Cassels in 1903 and 1904, and in 1905 it was leased to Cassels by Harvey, and Cassels subleased it to one Bells, who put the crop in and accounted therefor to Harvey.

It will be seen that the question is presented whether the original mortgagee, and the plaintiff as assignee, were innocent purchasers as against the judgments of the defendant the Kerr Land Company. It will also be seen that the contracts under which Cassels claims were never of record. Hence neither the mortgagee nor the plaintiff had constructive notice by virtue of the recording acts. If they had any notice at all, it must have been such as was imputed to them by virtue of Cassells' possession when the mortgage was given, if such was the case. Harvey received his deed to this land on December 9, 1904. At that time Cassels had assigned his contract for the purchase of the land to Harvey by an assignment absolute in terms, although as a matter of fact as security only. Cassels had also surrendered possession of this land under his contracts to Harvey and surrendered his contracts to Harvey. The assignments of these contracts were made, one of them on December 29, 1902, and the other on the 4th day of November, 1904. Cassels was in debt to Harvey at these dates, and the assignments were as security for that debt. In the fall of 1904 Cassels and Harvey entered into an oral contract by which these

assignments became absolute in consideration of the settlement of the indebtedness due from Cassels to Harvey. The contracts were surrendered, and Cassels surrendered his possession under the contracts, and dealt with Harvey as owner of the land by renting the premises from him from December, 1904, to December, 1905. It must therefore follow that Cassels' possession on December 21, 1904, was subordinate to that of Harvey. Cassells' possession was simply under the lease, and not under the contract. It is immaterial, so far as possession of the land is concerned, whether Cassells' former interest in the land under his contract had been foreclosed or not. It is claimed, however, as a matter of law, that Cassells' possession was constructive notice to the plaintiff and to the mortgagee of his interest in the land under the contract. This contention is based on the fact that Cassells retained an interest in the land analogous to that of an equitable owner; that is, that the relations between a vendor and vendee in contracts for the purchase of land are similar to those of mortgagor and mortgagee. Although that is the relation of the parties under such contracts, and although there was no foreclosure of Cassells' interest under such contract, still Cassells' possession would not be constructive notice of the fact that the assignments were as security only, nor that his possession under the oral lease had any relation to the contracts for the purchase of the land.

It is admitted in the printed brief of appellant that neither the plaintiff nor her assignors had actual notice that the assignments were given as security and that Cassels had any interest in the land. That being so, the doctrine of notice of rights in land by virtue of the possession thereof has no application under our statute. The appellant's contention in this behalf ignores the provisions of section 6179, Rev. Codes 1905. That section reads: "When a grant of real property purports to be an absolute conveyance, but is intended to be defeasible on the performance of certain conditions, such grant is not defeated or affected as against any person other than the grantee or his heirs or devisees or persons having actual notice unless an instrument of defeasance duly executed and acknowledged shall have been recorded in the office of the register of deeds of the county where the property is situated." This section was recently construed by this court in a case where the grantor of a deed, absolute in form, but intended as a mortgage, was in possession of the land, and it was held that such possession

was not notice of existing rights. In that case it was said: "It does not avail the plaintiff to say that he had constructive notice, for the legislature has taken from her the right to contradict the terms of her deed and say that it is in fact a mortgage, except as to her grantee, his heirs or devisees, and persons having actual notice. She cannot, therefore, assert as to the defendant, who took his mortgage from Deschenes without actual notice, that her deed to Deschenes was merely a mortgage." Patnode v. Deschenes, 15 N. D. 100, 106 N. W. 573. Plaintiff, not having actual notice of Cassells' rights under his contract for a defeasance, was an innocent purchaser, and is entitled to foreclose her mortgage.

The judgment is affirmed. All concur.