### G. A. WHEATON and others *vs.* WILLIAM WHEELER and another.

#### March 28, 1881.

Extension of Time for Payment—Release of Sureties.—An agreement made between the creditor and principal debtor, without the consent of the sureties, to extend the time for payment of a debt for which sureties are bound, though made after the debt is due, discharges the sureties.

Appeal by plaintiffs from a judgment rendered by the district court for Hennepin county, after a trial by *Young*, J., without a jury.

*Woods & Babcock*, for appellants.

*Lochren, McNair & Gilfillan*, for respondents.

GILFILLAN, C. J. Action against the sureties in a bond executed under Gen. St. 1878, *c.* 90, §§ 3, 4, relating to liens of mechanics and material-men. Plaintiff's claim was for materials furnished. The defences were—*First*, payment of the claim by the principal debtor; *second*, an extension of the time for payment, by agreement between the plaintiffs and the principal debtor without the consent of the sureties, whereby they were discharged.

The facts as found were: That on August 12, 1878, while plaintiffs were delivering the material, they drew upon the principal debtor, Montgomery, and he accepted, a bill of exchange for part of their claim, payable in 60 days. This was treated by the parties to it as a part-payment of the account, or at least as an extension of the time for paying the part of it represented by the bill, for, on September 24, 1878, they had a final settlement of the account, on which was found due $275, on which settlement the amount of the bill was not included as a part of the account. On the settlement, Montgomery requested an extension of time for payment of the balance found due, and thereupon he executed, and plaintiff accepted, his promissory note for such balance, payable in 90 days. The sureties knew nothing of the bill and note. After the bill and note became due, plaintiffs sued Montgomery upon them, and recovered judgment against him for the amount of them.

The court below held that, without the consent of the sureties, the creditors and the principal debtor had extended the time for paying the debt to secure which the bond was given, and that the sureties were thereby discharged. If the debt was not actually paid by the bill and note, the time to pay it was certainly enlarged by those transactions. There is nothing to suggest that they were, as plaintiffs claim, given merely as collateral security to the original debt. They added nothing to the security. Their only effect was to

30

change the evidence of the debt, and make it payable, not on demand, as it was originally, but at fixed future days. It would be absurd to suppose the parties contemplated that, as soon as the bill and note were given, the creditors might demand and be entitled to receive the original debt, leaving the bill and note outstanding in the hands of the creditors, or of any one to whom they might endorse them. The fact that, at the time of the extension, the debt was already due, and a cause of action on the bond had accrued, did not vary the effect of the extension upon the obligation of the sureties. The extension operated on the debt. It was a waiver of the right to sue for it at that time. It disabled the creditors, during the time of the extension, to demand or sue for the debt, and the debtor to pay it. *Lyman* v. *Rasmussen, ante,* p. 384. This in law was such a prejudice to the rights of the sureties as discharged them.

Judgment affirmed.