C. S. GUDERIAN v. CHARLES F. LELAND.[1]

May 7, 1895.

Nos. 9228—(20).

**Findings Sustained.**

*Held*, the findings of the court are sustained by the evidence.

**Extension of Mortgage—Release of Mortgagor.**

Where an extension of the time of payment is given by the creditor to the principal debtor, *held*, the burden is on the surety to prove that such extension was given without his consent, following Washington Slate Co. v. Burdick, 60 Minn. 270.

[1] Reported in 63 N. W. 175.

Appeal by defendant from an order of the district court for Anoka county, Elliott, J., denying a motion for a new trial. Affirmed.

*Alford & Hunt* and *Cash, Williams & Chester*, for appellant.

By his assumption Hall became principal debtor and Leland surety only for payment of the obligation. Pingrey, Mortg. § 1013; Jones, Mortg. §§ 740–741; Marsh v. Pike, 10 Paige, Ch. 595; Calvo v. Davies, 73 N. Y. 211; Cornell v. Prescott, 2 Barb. 16; Russell v. Pistor, 7 N. Y. 171; Paine v. Jones, 76 N. Y. 274; Millerd v. Thorn, 56 N. Y. 402; Colgrove v. Tallman, 67 N. Y. 95; Union Life Ins. Co. v. Hanford, 143 U. S. 187, 12 Sup. Ct. 437; Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700; Leithauser v. Baumeister, 47 Minn. 151, 49 N. W. 660; St. Paul & M. T. Co. v. Howell, 59 Minn. 295, 61 N. W. 141; Travers v. Dorr, 60 Minn. 173, 62 N. W. 269. By accepting the five payments of unearned interest from Hall the bank granted extensions for the periods for which they were made in advance. Several courts hold that prepayment of interest and its reception by the creditor constitute of themselves an implied contract between the parties, extending the time of payment up to the close of the time for which such interest was paid and received. Hubbard v. Ogden, 22 Kan. 258; Preston v. Henning, 6 Bush (Ky.) 556; Warner v. Campbell, 26 Ill. 282; Flynn v. Mudd, 27 Ill. 323; Maher v. Lanfrom, 86 Ill. 513. The great weight of authority, however, holds that payment and reception of interest in advance, on a past due note, is prima facie evidence of a valid contract to extend the time of payment. Such evidence may be rebutted, but if not rebutted is conclusive. 2 Brandt, Sur. § 353; Wakefield Bank v. Truesdell, 55 Barb. 602; Dubuisson v. Folkes, 30 Miss. 432; Stillwell v. Aaron, 69 Mo. 539; Merchants' Ins. Co. v. Hauck, 83 Mo. 21; Hamilton v. Winterrowd, 43 Ind. 393; Jarvis v. Hyatt, 43 Ind. 163; Woodburn v. Carter, 50 Ind. 376; Starret v. Burkhalter, 86 Ind. 439; Walters v. Swallow, 6 Whart. 446; Union Bank v. McClung, 9 Humph. 98; People's Bank v. Pearsons, 30 Vt. 711; Scott v. Saffold, 37 Ga. 384; Crosby v. Wyatt, 10 N. H. 318; New Hampshire Sav. Bank v. Ela, 11 N. H. 335; Merrimack Co. Bank v. Brown, 12 N. H. 320; Wright v. Bartlett, 43 N. H. 548; Hollingsworth v. Tomlinson, 108 N. C. 245,

12 S. E. 989; Blake v. White, 1 Young & Coll. (Exch. Eq.) 420. Such extensions were made without the knowledge or consent of Leland. Mere knowledge is not equivalent to consent. 2 Brandt, Sur. § 345; Executors of Riggins v. Brown, 12 Ga. 271; Stewart v. Parker, 55 Ga. 656; Lambert v. Shetler, 71 Iowa, 463, 32 N. W. 424. The fact that a surety has consented to one extension does not authorize another. 2 Brandt, Sur. § 345; Lime Rock Bank v. Mallett, 34 Me. 547; Merrimack Co. Bank v. Brown, supra; Gray's Exrs. v. Brown, 22 Ala. 262; Savings Bank v. Chick, 64 N. H. 410; Oyler v. McMurray, 7 Ind. App. 645, 34 N. E. 1004; Warburton v. Ralph, 9 Wash. 537, 38 Pac. 140. The release of the surety follows from any extension or other change in the contract without his consent. 1 Pingrey, Mortg. §§ 1015–1016; 1 Jones, Mortg. §§ 741–2; Calvo v. Davies, supra; Paine v. Jones, supra; Spencer v. Spencer, 95 N. Y. 353; Agnew v. Merritt, 10 Minn. 242 (308); Wheaton v. Wheeler, 27 Minn. 464, 8 N. W. 599; Leithauser v. Baumeister, supra; St. Paul & M. T. Co. v. Howell, supra; Travers v. Dorr, supra.

*Savage & Purdy*, for respondent.

If defendant expected the interest to be paid in advance, and consented to it beforehand, he will not be released, no matter what might otherwise be the effect of such payments. Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119; Kearsley v. Cole, 16 M. & W. 128; Ex parte Harvey, 27 Eng. L. & E. R. 272; Wright v. Storrs, 6 Bosw. 600; Treat v. Smith, 54 Me. 112; Crosby v. Wyatt, 23 Me. 156; Strafford Bank v. Crosby, 8 Greenl. 191; Crosby v. Wyatt, 10 N. H. 318; New Hampshire Sav. Bank v. Ela, 11 N. H. 335; New Hampshire Sav. Bank v. Colcord, 15 N. H. 119; Rice v. Isham, 4 Abb. App. Dec. 37. By the weight of authority, mere payment of interest in advance does not establish, even prima facie, an enforceable contract to extend the time for payment of the principal. Oxford Bank v. Lewis, 8 Pick. 457; Blackstone Bank v. Hill, 10 Pick. 129; Central Bank v. Willard, 17 Pick. 150; Agricultural Bank v. Bishop, 6 Gray, 317; Haydenville Sav. Bank v. Parsons, 138 Mass. 53; Freeman's Bank v. Rollins, 13 Me. 202; Mariner's Bank v. Abbott, 28 Me. 280; Williams v. Smith, 48 Me. 135; Hosea v. Rowley, 57 Mo. 357; Coster v. Mesner, 58 Mo. 549; Citizens'

Bank v. Moorman, 38 Mo. App. 484; Russell v. Brown, 21 Mo. App. 51; Harnsbarger's Adm'r v. Kinney, 13 Gratt. 511. There must be an enforceable contract for a definite time, in order to release the surety. Michigan Ins. Co. v. Soule, 51 Mich. 312, 16 N. W. 662; Boardman v. Larrabee, 51 Conn. 39; Hayes v. Wells, 34 Md. 512; Rucker v. Robinson, 38 Mo. 154; Bailey v. Adams, 10 N. H. 162; Orme v. Young, 1 Holt, N. P. 84; Mariner's Bank v. Abbott, supra.

CANTY, J. This action is brought against the defendant, Leland, on a promissory note made by him to plaintiff, dated December 1, 1887, due January 1, 1889, for $5,000, with interest at the rate of 8 per cent. per annum. The defense is that at the time of making said note defendant, to secure the same, made to plaintiff a mortgage on certain real estate; that thereafter, on August 1, 1891, defendant conveyed an undivided one-half of said real estate to one Hall, who, in consideration thereof, in and by the deed of conveyance, assumed and agreed to pay said mortgage indebtedness; that thereafter, with full knowledge of these facts, the plaintiff agreed with Hall to extend, and did extend, the time of payment of said indebtedness, without the consent of defendant. On the trial, before the court without a jury, the court found the making of the note and mortgage and the conveyance to Hall as above stated, and further found that, at different times after said conveyance to him, Hall paid and plaintiff accepted the interest for a period of three months at a time, partly in advance, on said mortgage indebtedness, and that defendant consented to the same, and to such extension of the time of payment, if such it was, and ordered judgment for plaintiff. From an order denying defendant's motion for a new trial, he appeals.

It is urged by appellant that receiving interest in advance after the maturity of the note constituted a binding agreement to extend the time of payment for the period for which the interest was so paid. For the purposes of this case, we will concede, without deciding, that this is the law. It is further urged that there is no evidence to support the finding of fact that defendant consented to this extension, and that, on the contrary, the evidence conclusively required a finding that he did not consent to it. It is true that by his assumption of the mortgage indebtedness Hall had be-

come the principal debtor, and defendant a mere surety, and that an extension of the time of payment without defendant's consent would release him. But the burden was on the defendant to prove that he did not consent to such extension. Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119. We are of the opinion that the evidence is not so conclusive in defendant's favor as to require a finding that he did not so consent.

At the time the note was given, the mortgaged premises were owned by defendant, but were occupied by him and Hall, who, as partners, operated a starch factory thereon. On August 4, 1888, this partnership was dissolved, and Hall succeeded to the business. It is recited in the articles of dissolution that Hall had that day purchased from defendant a half interest in the premises. By these articles defendant let the other one-half interest to Hall, and Hall agreed to pay one-half the mortgage indebtedness when the business "will enable him to do so, * * * and if said business is successful, so that the said Hall can by diligence and economy pay the other half of said mortgage indebtedness from the earnings of said business, he hereby agrees to do so, and to pay the same as quickly as said earnings will warrant. * * * Said Hall also agrees to pay the interest on all mortgage indebtedness on said property that may accrue after January first, 1889." It will be remembered that this is the date on which this mortgage indebtedness became due. From this time until August 1, 1891, when the other one-half of the premises were conveyed to Hall as aforesaid, he and defendant continued to pay the interest on this mortgage for three months at a time, partly or wholly in advance, in the same manner as Hall did after he had by said deed of August 1 assumed and agreed absolutely to pay the whole of said mortgage indebtedness. Defendant testified that, just prior to the making of this last-named deed, he talked with plaintiff about the intended transfer and the responsibility of Hall. "We also talked about the mortgage and about Mr. Hall assuming the mortgage. I asked him if it had been paid, and he said, 'No'; and he said to me, in the course of the conversation, that he would have to get them to renew it before the five years were run, as I understood." "I talked with him if it had been paid, and he said, 'No, they had

to renew it.'" He stated that by "they" was meant Hall and his brother, who had gone into business with him. Q. "You may state whether you consented to the dealings between them." A. "No, sir." This is substantially all the evidence bearing on the question of whether or not defendant consented to such extensions to Hall of the time of payment. Considered in connection with the other admitted facts and circumstances above recited, his denial that he consented to the dealings between plaintiff and Hall is little more than his mere conclusion, is not entitled to great weight, and does not by any means show conclusively that he did not so consent.

This disposes of the case, and the order appealed from is affirmed.