ST. PAUL TRUST COMPANY v. ST. PAUL CHAMBER OF COMMERCE
and Others.[1]

May 19, 1896.

Nos. 9864—(85).

**Note—Extension—Implied Agreement.**

   A contract to extend the time of the payment of a note need not be an express one, but may be implied. Therefore the payment and reception of interest in advance on a past-due note by the act and assent of the holder and maker thereof, constitute, in the absence of any contrary understanding or agreement, an implied contract to extend the time of payment for the period for which the interest is paid in advance.

**Same—Findings Construed.**

   The findings of the trial court construed, and *held* that they are to the effect that the time of the payment of the note which is the subject of this action was extended by the payment and reception of interest thereon in advance, and that the guarantors of the payment of the note never consented to such extension.

Appeal by defendants Frederick Driscoll and others from an order of the district court for Ramsey county, Willis, J., denying a motion on a new trial. Reversed.

*Ambrose Tighe* and *E. P. Sanborn*, for appellants.
*Harvey Officer*, for respondent.

START, C. J. The subject-matter of this action is a promissory note for $8,000, dated January 14, 1890, due in one year, made by defendant corporation to the plaintiff, and a guaranty of its payment indorsed thereon, and signed by the appellants. The guaranty is in these words: "For value received, we, the undersigned, hereby guaranty the payment of the principal and interest on the within note. Sureties:" [Signatures.]

The complaint alleges the making and delivery of the note and guaranty to the plaintiff, and demands judgment against the maker and guarantors for the amount of the note, less payments. The answer alleges several defenses, but the view we take of this case

[1] Reported in 67 N. W. 350.

renders it necessary to refer to only one of them, viz. that the time of the payment of the note was extended several times without the knowledge or consent of the guarantors. The answer alleges that the first extension of the time of payment of the note was made on or about February 1, 1892, until on or about December 1, 1893, when it was again extended to June 1, 1894, and on or about the date last named it was extended to about August 10, 1894. The answer further alleges that all of such extensions of the time of the payment of the note were for a valuable consideration then paid to the plaintiff by the maker thereof, and that all of such extensions were given without the consent of any of the guarantors. These allegations are denied by the reply.

The trial court found as to the alleged extension of the time of the payment of the note on or about February 1, 1892, as follows:

"(7) That on the 9th day of February, 1892, the defendant St. Paul Chamber of Commerce paid to the plaintiff the sum of twelve hundred dollars ($1,200) on the debt evidenced by the note described in the complaint; that at said time there was due on said note the principal thereof, and interest from the 14th day of April, 1891; that of said payment made on the 9th day of February, 1892, $560 was applied at the date of its payment, February 9, 1892, by the plaintiff, with the consent of the defendant the St. Paul Chamber of Commerce, on the principal of said note, and $640 to pay the interest on said note to the 14th day of April, 1892, and thereupon the plaintiff indorsed on the back of said note these words and figures: '$640—interest to April 14, 1892, paid February 9, 1892'; that no express agreement was made between the plaintiff and the defendant chamber of commerce, at the time of said payment and application thereof, that said note should be extended to the 14th of April, 1892, or to any other time, nor was any express agreement made between the plaintiff and the defendant the St. Paul Chamber of Commerce, at the time of such payment and application, that said note should not be so extended; that none of the defendants, except the defendant the St. Paul Chamber of Commerce and the defendant Sanborn, had any knowledge of the application which was made of said payment of February 9, 1892, until after this suit was begun; and that none of said defendants, other than the defendant the St. Paul Chamber of Commerce and the defendant Sanborn, in any way assented to said application."

The trial court, in subdivision 8 of its findings, further found that on June 27, 1894, the maker of the note paid thereon to the plaintiff $550, of which $80.09 was, with the consent of the maker, applied by the plaintiff to pay the interest on the note to July 1,

1894, and the same was indorsed upon the back of the note by the plaintiff in these words: "$80.09, paid June 27, '94, being in full of interest to July 1, '94;" that there was no express agreement between the plaintiff and the maker that the time of the payment should or should not be extended to July 1, 1894; and that none of the guarantors who are appellants herein had any knowledge of, or ever assented to, such application.

The findings in respect to this alleged second extension are, with the exceptions of dates, amounts, and that the guarantor Sanborn is included among those who did not assent to what was done in the premises, the same as those in subdivision 7 of the findings, which we have quoted. If the conclusion of law follows from the facts alleged as to the first supposed extension, that the guarantors, except Sanborn, are released, the same conclusion as to him would follow from the facts as to the second extension; hence we shall proceed, in our consideration of the case, as if he was not excepted in subdivision 7 of the findings, and limit the discussion to that finding.

The trial court found, as a conclusion of law, that the plaintiff was entitled to judgment against the maker, and the appellants as guarantors, for the amount due on the note, and ordered judgment accordingly. The guarantors appealed from an order denying their motion for a new trial.

There is no case or bill of exceptions, and the only question for our determination is whether the findings of fact justify the conclusion of law as to the guarantors. To maintain their defense, it was necessary for the guarantors to establish affirmatively two propositions: (a) That the plaintiff extended the time of the payment of the note; (b) that such extension was made without their consent. Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285. If the findings are in favor of the guarantors on both of these propositions, the conclusion of law would follow that they are released from their contract of guaranty. Wheaton v. Wheeler, 27 Minn. 464, 8 N. W. 599.

To constitute a contract to extend the time of the payment of a promissory note, it is not necessary that there should be an express agreement to that effect; it may be implied. Therefore the payment and reception of interest in advance on a past-due note,

by the act and consent of the holder and maker thereof, constitute, in the absence of any contrary understanding or agreement, an implied contract to extend the time of payment for the period for which the interest is paid in advance. 2 Brandt, Sur. § 352; Danforth v. Semple, 73 Ill. 170, 3 Cent. Law J. 630, and note, in which the cases are collected and analyzed. The proposition stated is so thoroughly settled, both upon principle and authority, that we forbear to discuss it or cite further authorities.

Counsel for the respective parties differ radically as to the proper construction and effect of subdivisions 7 and 8 of the court's findings. The respondent's counsel claims that they must be treated as surplusage, under the pleadings, for the reason that they are not responsive to any issues tendered by the answer. The answer alleges that the time of the payment of the note was on or about February 1, 1892, extended until December 1, 1893, while the seventh finding relates to the payment of interest in advance on February 9, 1892, to April 14, 1892. There is also a similar discrepancy as to dates and length of time in the eighth finding. It is not the date of the extension or the length of time given which is the matter of controlling importance, but the fact that the extension was made. In the absence of a settled case containing the evidence and a record of the trial, it cannot be presumed that there was any prejudicial variance between the evidence supporting the findings and the allegations of the answer. Both parties stand upon the findings,—the one claiming that they do, and the other that they do not, support the conclusion of law; and we must assume that the findings were made in response to the issues as to the alleged extensions of the time of payment of the note made by the answer and reply, and they cannot be ignored as surplusage.

The respondent also claims that the finding that there was no agreement extending this note rebuts the presumption that there was such an agreement. The finding, however, is that there was no express agreement either to extend or not to extend the time of payment of the note. This leaves the question of an extension to be determined upon the facts affirmatively found, which are to the effect that the maker paid, and the plaintiff received and applied with the maker's consent, interest on the note in advance. In the absence of a finding of any contrary contract or understanding,

the law implies a contract for the extension, from such affirmative facts, for the period for which the advance interest was paid.

Again, respondent claims that the court has not found that the extensions were made without the consent of the guarantors. The literal finding of the court upon this issue is that none of the guarantors had any knowledge of the application which was made of the payments of interest, and none of them in any way assented to such application. The finding must be fairly construed in accordance with the manifest intention of the court. It cannot be assumed that this particular finding was intended to be an evasion of the issue as to whether the guarantors consented to the extension. On the contrary, we must assume that it was made in response to such issue. Now, the words "such application," as used in this finding, necessarily refer to the fact of the application of the amount paid by the maker to the payment of interest on the note in advance, from which the law implies an extension of the time of the payment of the note. This is the application or transaction to which the guarantors never assented. It is clear that, if they never knew or assented to the transaction from which the law implies a contract for an extension, they never consented to such extension. There having been no express agreement between the maker and holders of the note, either that its time of payment should or should not be extended, the finding of the court under consideration is to the effect that the time of the payment of the note was extended from February 9 to April 14, 1892, by an implied contract, evidenced by the payment and application on the then past-due note of interest in advance, by the consent and act of the maker and holder thereof, and that the guarantors never knew or assented to such application and payment; that is, to such implied contract.

Such a finding does not support the conclusion of law that the holder of the note is entitled to judgment against the guarantors for the amount thereof. This is not a case where judgment should be ordered for the appellants on the findings.

Order reversed, and a new trial granted.