## BERNARD BANDLER and Another v. L. G. BRADLEY and Another.[1]

February 4, 1910.

Nos. 16,314—(126).

**Promissory Note — Extension of Time Without Consent of Surety — Burden of Proof.**

Action on a promissory note. Defense, that the defendant was a surety to the knowledge of the plaintiffs, and that they extended the time of payment of the note without his consent. Verdict for the plaintiffs. *Held*, the burden of proving such defense was upon the surety. The statute of frauds has no application to the case. Whether the surety consented to the extension of the time of the payment of the note was, under the evidence, a question of fact.

**Discharge of Surety by Act of Creditor.**

Any unauthorized act, or laches, of a creditor in the management of collateral remedies or securities, if loss ensues, will discharge the surety pro tanto; that is, so far as he is absolutely damaged.

**New Defense After Verdict — Motion to Make Supplemental Answer.**

Where new matter of independent defense arises after verdict, the remedy is not a motion for a new trial on the ground of newly discovered evidence, which has no relevancy to the issues litigated by the trial, but by a motion to be permitted to make a supplemental answer, with a stay of proceedings on the verdict until the issue tendered by the supplemental answer can be determined.

**Rulings of Court.**

The court correctly denied the defendant's motion for judgment notwithstanding the verdict, but erred in granting his motion for a new trial.

Action in the district court for St. Louis county against L. G. Bradley and C. H. Bradley to recover $2,850.72 upon a promissory note. The substance of the answer of defendant C. H. Bradley, who alone appeared, and of the reply to it are stated in the opinion. The case was tried before Dibell, J., and a jury which rendered a verdict in favor of plaintiffs for $2,873.87. From an order setting

1Reported in 124 N. W. 644.

aside the verdict and granting defendant C. H. Bradley a new trial, plaintiffs appealed. Defendant C. H. Bradley appealed from that part of the order which denied his motion for judgment notwithstanding the verdict.

So much of the order as denied defendant's motion for judgment is affirmed, but so much as granted defendant's motion to set aside the verdict and for a new trial is reversed, and the cause remanded for further proceedings.

*Reynolds & McClearn,* for plaintiffs.

*Washburn, Bailey & Mitchell,* for defendant.

START, C. J.

On March 17, 1908, the plaintiffs brought this action in the district court of the county of St. Louis to recover from the defendants the balance due upon a promissory note, dated January 29, 1907, made by the defendant L. G. Bradley to the plaintiffs, whereby he promised to pay to them, $4,790 on August 20 next thereafter, with interest. The note was indorsed before its delivery by L. G. Bradley's father, C. H. Bradley, hereafter referred to as the defendant, who alone defended this action.

His answer admitted that he indorsed the note, and affirmatively alleged in effect the facts following: That upon or about the seventeenth day of October, 1907, the defendant L. G. Bradley entered into an agreement with the payees of the note whereby it was paid by L. G. Bradley by his agreeing to pay the remaining amount of indebtedness represented by said note, $500 on October 20, 1907, and $566.74 on the twentieth day of each month thereafter up to and including April 20, 1908, and L. G. Bradley gave the payee a mortgage upon certain property to secure the balance then due upon the indebtedness represented by the note, whereby the payees were to accept the mortgage as security for the indebtedness, and were to and did release this defendant from any obligation upon the note, and were to look to L. G. Bradley and the security alone for payment of the indebtedness, and this defendant alleges that the mortgage pursuant to such arrangement was given by L. G. Bradley and taken and accepted by the payees of the note, and this defendant released from the note.

The reply denied, except as therein admitted, the allegations of the answer, and contained admissions and allegations to the effect as follows: The plaintiffs admit that on or about October 17, 1907, L. G. Bradley executed a chattel mortgage on some personal property, but allege that the mortgage was executed to the plaintiffs by L. G. Bradley at the request of the defendant C. H. Bradley, with his knowledge and consent, and that it was distinctly understood and agreed by and between the plaintiffs and the defendants that the taking of the mortgage should in no way release either of the defendants from their obligations as maker and indorser of the note.

It appears from the record that the sole defense made on the trial by the defendant was that he was a surety on the note for his son and codefendant, that the plaintiffs knew it, and without his consent or knowledge extended the time of the payment of the note for a valuable consideration. That this was the practical construction given to the answer and the defense on the trial appears not only from the record, but conclusively so from the admission and statement of counsel for defendant in his brief in this court, which are in these words: "C. H. Bradley's defense was that, being a surety, he was released, because his principal had been given for a valuable consideration an unequivocal extension of the time of payment in writing, to which C. H. Bradley was not a party, nor did he consent."

It appears from the recitals in the mortgage referred to in the answer and reply that the parties had agreed to extend the time for the payment of the note, in instalments, to specified future dates, the last of which was April 20, 1908. The express condition of the mortgage was this: "Provided that, if the first parties shall pay the said sum of $3,400.47 remaining unpaid on said note held by second party on or before the said date of April 20, 1908, with all accrued interest thereon, then these presents shall be void and of no effect." This and other provisions of the mortgage clearly show that it was given simply for the purpose of securing the payment of the note at the times specified therein.

The trial judge instructed the jury that the taking of this mortgage by the plaintiffs extended the time of the payment of the note, and if the defendant C. H. Bradley was then a surety for L. G.

Bradley, to the knowledge of the plaintiffs, he was released from all liability to pay the note, unless he consented to such extension of time, and, further, that the burden of proving that the extension was without his consent and that he was a surety to the knowledge of the plaintiffs was upon the defendant C. H. Bradley. No other issue was submitted to the jury. Nor did either party request any other questions to be submitted to the jury.

The jury returned a verdict for the plaintiffs against the defendant C. H. Bradley for the balance due on the note. Thereupon he made a motion for judgment notwithstanding the verdict or for a new trial, on the ground that the verdict was not justified by the evidence, for alleged errors of law occurring at the trial, on the ground of newly discovered evidence, and for an order relieving him from all liability on the verdict and the judgment that might otherwise be rendered thereon. The trial court made its order denying the motion for judgment notwithstanding the verdict, but further ordered that the verdict be set aside and a new trial of the action be had. The plaintiffs appealed from the order granting a new trial, and the defendant appealed from the whole order.

It in no manner appears, from the order or otherwise, upon what grounds the new trial was granted; hence it cannot be presumed that it was upon the ground that the verdict was not justified by the evidence. In this respect the order cannot be treated as a discretionary one. Independent Brewing Assn. v. Burt, 109 Minn. 323, 123 N. W. 932. It follows that, in considering the plaintiffs' appeal, we are limited to the general questions: (a) Whether the trial court was justified in granting a new trial on the ground of newly discovered evidence; (b) if not, then whether any substanial errors of law, which were excepted to, occurred on the trial. The defendant's appeal raises the question whether upon the pleadings and evidence he was entitled to a directed verdict as a matter of law. A consideration of the defendant's appeal is logically first in order, for if he is entitled to judgment the plaintiffs' appeal must fall.

The defendant, in support of his contention that he was entitled to judgment notwithstanding the verdict, urges that he was not then liable on the original contract evidenced by the note, for the reason

that the note had been changed by the new agreement, to which he was not a party. The alleged new agreement must refer to the provisions in the mortgage extending the time of the payment of the note as the record discloses no other agreement between the plaintiffs and L. G. Bradley subsequent to the making of the note.

In discussing this claim counsel for the defendant in his brief assumes, in effect, as the premise of his argument, that a new contract, to which he was not a party, was substituted for the note; therefore, even if he consented to the new contract, he is not liable, for as to him the case would be within the statute of frauds. If this were an action on the alleged new agreement, and it was sought to hold him as surety for its performance, there would be some merit in the claim and the argument made in the brief relevant. The trouble, however, with this claim of the defendant and his argument in its support, is that the record shows no basis for the assumed premise. This action is not upon any new or modified contract, but upon the note, to which the defendant was a party and for the payment of which he bound himself, and to which his sole defense was that the time of the payment of the note had been extended without his consent. The burden was upon him to establish this defense. Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; Guderian v. Leland, 61 Minn. 67, 63 N. W. 175; Norton v. Metropolitan Life Ins. Co., 74 Minn. 484, 77 N. W. 298, 539.

The action being based upon the defendant's written promise, the note, and his defense being that the time of payment was extended without his consent, the statute of frauds has no application to this case; for the consent of a surety to extend the time of the payment of his principal's debt need not be in writing. Whether the surety in any given case did or did not consent to such an extension is a question of fact, which may be proved in the same manner as any other fact, the evidence of which need not be in writing, by direct or circumstantial evidence. The evidence in this case made the question whether the defendant consented to an extension of the time of payment of the note one of fact. It follows that the defendant's request for an instructed verdict in his favor and his motion for judgment notwithstanding the verdict were properly denied.

The motion of the defendant to discharge him from all liability on the verdict and from any judgment that might otherwise be rendered thereon was correctly denied for the reasons hereinafter stated.

This brings us to the question whether the trial court might not have granted a new trial on the ground of newly discovered evidence. The alleged newly discovered evidence is based upon the facts following: The plaintiffs took a chattel mortgage from L. G. Bradley upon his personal property, a drilling outfit, to secure the payment of the note, and within four months thereafter he was adjudged a bankrupt. The trustee in bankruptcy took possession of the mortgaged property, and the plaintiffs herein, as such mortgagees, commenced an action against the trustee to recover the property. Thereupon it was stipulated by the parties to that action that the property, alleged to be of the value of $3,000, might be sold, the proceeds thereof to be held in place of the property and be awarded to the prevailing party. Counsel for the defendant herein consented to such arrangement, and on the same day the attorneys of the respective parties in this action entered into a written stipulation to the effect that the prosecution of the action against the trustee should not in any way release the defendant herein from his liability, if any, on the note which is the subject-matter of this action. The action against the trustee was determined in his favor. A new trial was granted for errors of law, but before it was reached for retrial this action was tried, and resulted in a verdict for the plaintiffs. Thereupon, the attorney for the plaintiffs in the case against the trustee, having discovered further evidence to show that the mortgagor was insolvent when he gave the mortgage, hence it was a preference, he dismissed the action against the trustee pursuant to a stipulation signed by the respective parties, which was in these words: "The above-entitled action is hereby dismissed, without costs to either party." The affidavits used upon the motion are conflicting as to whether the understanding of the parties was that the dismissal of the action should be upon the merits and that no further action be brought against the trustee. The defendant herein did not consent to such dismissal, nor did he know that the action was to be dismissed, or that it had been

dismissed, until shortly before he made his motion for a new trial herein.

The law as to the effect of a release of securities for his debt by a creditor upon the liability of a surety therefor is well settled in this state. The rule is this: Any unauthorized act or laches by a creditor in the management of collateral remedies or securities, if loss ensues, will discharge the surety pro tanto; that is, so far as he is actually damaged. Nelson v. Munch, 28 Minn. 314, 322, 9 N. W. 863.

It is not certain from the record that the defendant sustained any damages whatever by the dismissal of the action. If the stipulation for dismissal was made upon the understanding that no other action should be brought to recover the mortgaged property, or the proceeds of the sale thereof, then whether the defendant was damaged thereby would depend upon whether the mortgage was, as against the trustee, void as a preference. It is unnecessary to discuss this question, for it is apparent from the record that the alleged newly discovered evidence was wholly insufficient to justify the granting of a new trial on that ground, for it was not relevant to any issue made by the pleadings or litigated on the trial.

The alleged release of collateral security by a creditor to the damage of a surety in an action against the surety is an affirmative defense, to be alleged and proven by the surety. In this case, if the surety has such a defense, it arose subsequent to the trial of the action. A supplemental answer is the proper remedy, where new matter of defense arises or is discovered after answer, trial, or judgment. R. L. 1905, § 4137. The defendant's remedy, if any he had, was a motion to be permitted to make a supplemental answer setting up the alleged defensive matter which arose after the trial, and for a trial of the issue tendered by supplemental answer, with a stay. of proceedings upon the verdict until the issue could be determined. Where leave is given to make a supplemental answer after verdict, a new trial of all the issues is proper only when those made by the original pleadings and those raised by the supplemental pleadings are interdependent.

We are of the opinion that the trial court's order granting a new trial cannot be sustained on the ground of alleged newly discovered

evidence. This leaves only the question whether any substantial errors of law, which were excepted to, occurred on the trial which would sustain the order granting a new trial. The court instructed the jury that: "The amount which plaintiffs are entitled to recover, if they are entitled to recover anything, is not in dispute, and I have computed the amount—something like $2,873. If you find for the plaintiffs, find for that amount." The defendant took no exception to this instruction at the trial, but first called the court's attention to it on his motion for a new trial by assignment of error. The point there made for the first time was to the effect that the last two payments did not become due according to the extension until March 20 and April 20, 1908, respectively, and that the action was commenced on March 17 of the same year. The cause was tried in October following. The giving of the instruction is urged as error, justifying the granting of a new trial. Clearly it is not; for, if it was error, the attention of the trial court should have been called to it at the time it was given.

It is also urged that the defendant was entitled to the closing argument of the case, and that it was reversible error not to permit him so to do. There is nothing in the record to indicate any abuse of discretion of the trial court in making the ruling. C. Aultman & Co. v. Faulkum, 47 Minn. 414, 50 N. W. 471.

The other alleged errors relate to the instructions of the trial court. We have examined them, and find no errors therein which would require or justify the granting of a new trial.

It follows that so much of the order appealed from as denied the defendant's motion for judgment must be affirmed, and that so much thereof as granted the defendant's motion to set aside the verdict and for a new trial must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

So ordered.