## TALLMAN *v.* BENNETT.

### Opinion delivered May 29, 1922.

VENDOR AND PURCHASER—EXTENSION OF TIME OF PAYMENT—CONSIDERATION.—Payment by the purchaser of land of the taxes due thereon, thereby preventing a forfeiture for taxes, *held* a good consideration for an agreement by the vendor to extend the time of one of the purchase-money notes.

Appeal from Arkansas Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

#### STATEMENT OF FACTS.

Elliott Tallman brought this suit in equity against M. G. Bennett *et al.,* to obtain judgment on three promissory notes, the principal of which aggregates $12,000, and to foreclose a mortgage on a tract of land given to secure said notes.

All three of the notes were dated March 24, 1920, and bore interest at the rate of 6% per annum from date until paid, and the interest was payable annually or to become as principal and bear the same rate of interest. The first note was for $6,000 due on or before one year after date. The remaining two notes were for $5,000 and $1,000 and due on or before two years after date.

According to the testimony of Tallman, M. G. Bennett applied to him for an extension of the note, and he told him he would extend the note if he would increase the interest from 6% to 10%. Tallman required this because he himself was borrowing money and was paying the

increased rate.  Tallman told Bennett that unless he did this he would exercise his right to declare all the notes due and bring suit to recover judgment on them and to foreclose the mortgage given to secure them.  The mortgage was on 380.41 acres of land in Arkansas County, Ark., and contained a clause providing that, should sixty days' default in the payment of any note or interest on the same be made, then all the indebtedness should become due at the option of the mortgagee.  Bennett paid the interest on the notes on the 20th day of May, 1921, and the payment was indorsed on each note separately.

According to the testimony of M. G. Bennett, some time before the first note became due he saw that he could not pay it because the price of rice had become so low.  The notes were given in part payment of the purchase price of a tract of land.  Bennett had already paid $6,000 of the purchase price, and offered to reconvey the land to Tallman if he would cancel the notes.  This Tallman declined to do, and asked Bennett if he could pay the interest on the notes and the taxes on the land.  Bennett thought that he could do this if the payment of the first note was extended.  Thereupon Tallman agreed to extend the note for one year.  Bennett paid the interest on the notes about the time the interest became due, and also paid the taxes on the land, which amounted to about $1,100.  E. G. Bennett, one of the makers of the notes, said that he was present when Tallman agreed to an extension of the note for one year, and that nothing was said about raising the interest from 6% to 10%.

E. C. Benton, cashier of the First National Bank, testified that that bank held one of the notes as collateral for money owed it by Tallman, and that the interest on the note was paid by Bennett when it became due.

The court found the issues in favor of the defendants, and dismissed the complaint of the plaintiff on the ground that the suit was prematurely brought.

To reverse that decree the plaintiff Tallman has duly prosecuted an appeal to this court.

*George C. Lewis,* for appellant.

The findings of fact by the chancellor are against the preponderance of the evidence. A verbal agreement between the payee of a note and the maker, that if the latter paid the interest at maturity, the payee would extend the note, not being based on a consideration, is not such an agreement for an extension as would discharge the surety. 82 Ark. 28; 123 Ark. 463; 143 Ark. 498. To make a valid contract of extension, the extension must be for a definite period and the new contract based upon a new consideration. 123 Ark. 463. If no benefit is received by the obligee except what he was entitled to under the original contract, and the other party to the contract parts with nothing except what he was already bound for, there is no consideration. 112 Ark. 223.

*James E. Ray,* for appellee.

In a suit in equity where there is conflict between two witnesses detailing the same transaction, this court will accept the testimony credited by the chancellor. 83 Ark. 524. Payment of interest in advance is a good consideration. 4 Elliott on Contracts, sec. 3404; 3 R. C. L. 438; 54 Ark. 100.

HART, J., (after stating the facts). This court held that, in order to discharge a surety on a note by a new contract by the extension of the time of payment, the extension must be for a definite period, and the new contract must be based upon a new consideration. *Thornton* v. *Bowie,* 123 Ark. 463; *Colvin* v. *Glover,* 143 Ark. 498; and *Vestal* v. *Knight,* 54 Ark. 97.

Counsel invoke the rule applied in those cases to secure a reversal of the decree in the present case. There is something more in the present case, however, than the agrement to extend the note for one year in consideration that the Bennetts should pay the interest which was already due. The notes were given for the balance of the purchase price of 380.41 acres of land in Arkansas County, Ark. The land was in the possession of the Bennetts, and they were raising rice on it. The price of rice be-

came so low that the Bennetts saw that they would not be able to pay the first note of $6,000 when it became due and the interest on the notes became due. They had already made a payment of $6,000 on the land, and offered to deed it back to Tallman if he would surrender their notes. Tallman declined to do this. He had deposited one of the notes in the bank as collateral security for an indebtedness he owed it. Tallman told Bennett that, if he would pay the interest on the notes and the taxes on the land, he would extend the note which was due for another year. Bennett agreed to do this. He paid Tallman the interest on the two notes in his possession and to the bank the interest on the note it held as collateral. He also paid the taxes on the land, which amounted to about $1,100.

Under § 10082 of Crawford & Moses' Digest, the taxes became a charge upon the land.

Sec. 10083 provides a penalty of 25% upon the taxes so returned delinquent.

Sec. 10086 provides for a sale of delinquent land for the taxes, penalty and costs therein.

By agreeing to extend the notes for one year, Tallman secured the payment of the taxes on the land. Otherwise it would have been forfeited for taxes and sold by the collector for the taxes, statutory penalty, and cost of sale. This constituted a consideration for the extension of the payment of the note for one year.

In this connection it may also be considered that Bennett paid the interest on one of the notes to a bank which held it as collateral security for an indebtedness of Tallman.

The agreement for the extension of the note for one year has all the essentials of a binding contract. Tallman extended it for a definite period of time in consideration that Bennett should pay the taxes on the land, thereby preventing the statutory forfeiture and sale thereof by the collector. This was an agreed equivalent for the extension and such consideration as would sup-

port it. It was something entirely additional to what he could have obtained without the extension agreement.

Therefore the judgment will be affirmed.