## W. G. JORDAN v. FLOUR CITY FUEL & TRANSFER COMPANY.[1]

June 13, 1924.

No. 23,957.

**Acceleration of maturity of mortgage.**
1. The rule of White v. Miller, 52 Minn. 367, concerning the effect of an acceleration of maturity clause in a mortgage, on the notes secured thereby, adhered to.

**Memorandum on mortgage note.**
2. A memorandum on a note secured by a real estate mortgage, "Given as evidence of a payment due under the terms of a certain mortgage of even date herewith," *held* to be for the purpose only of identifying the note as the one secured by the mortgage, and not as having any contractual effect.

**Guaranty of principal of mortgage notes.**
3. A guaranty of the principal only of notes secured by mortgages which, by its terms, did "not in any way apply to the interest payments due under said notes and mortgages," *held* to prevent the use of an acceleration of maturity clause in the mortgage so as to make the guarantor liable for the principal at an earlier maturity than that fixed by the notes themselves.

Action in the district court for Hennepin county to recover $2,436, plaintiff's proportionate share of dividends declared by defendant corporation. Defendant interposed a counterclaim for $15,830.24 on plaintiff's guaranty of payment of certain notes. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of plaintiff for $1,298 and interest. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*John N. Berg* and *Adolph E. L. Johnson*, for appellant.
*Ludvig O. Solem*, for respondent.

[1]Reported in 199 N. W. 231.

STONE, J.

Defendant appeals from an order denying it a new trial after its counterclaim had been disallowed by the exclusion of evidence offered in support thereof. The propriety of that ruling is the only thing now in question.

The counterclaim declares on plaintiff's guaranty of 5 promissory notes, aggregating nearly $15,000, wherein he is payee and the Northern Michigan Land Company is the maker. The notes were each secured by a mortgage on land in Michigan. In payment of his subscription for certain stock of the defendant, plaintiff transferred the notes and assigned the mortgages to it. The notes were indorsed by plaintiff without recourse, but, as a part of the transaction, plaintiff gave defendant his written guaranty of "payment of the principal sum" of the notes, "notwithstanding the fact that the same were indorsed without recourse." That guaranty reserved to plaintiff the option of returning to defendant the stock subscribed for by him in lieu of his performance of the guaranty in the event that he should be called upon to make good the latter.

The guaranty closed with this language:

"The above guaranty is intended to cover only the principal stated in said notes, to-wit, the sum of $14,834.34, *and this guaranty does not in any way apply to the interest payments due under said notes and mortgages.*"

The mortgages were identical in form. In each, after the usual description of the note, a statement of its terms and the conventional defeasance clause, there is this provision:

"And it is also agreed, by and between said parties that should any default be made in the payment of the said interest or of any part thereof (or of any instalment of principal, or of any part thereof), on any day whereon the same is made payable, as above expressed, and should the same remain unpaid, and in arrear[s] for the space of ten days, then, and from thenceforth, so much of the aforesaid principal sum as remains unpaid with all arrearage of interest thereon, shall, at the option of said party of the second part,

his heirs, administrators or assigns, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired, anything hereinbefore or in said promissory note contained to the contrary thereof in anywise notwithstanding."

There was a default in the interest and in the payment of taxes, whereupon the defendant, then the holder of the notes and assignee of the mortgage, on December 20, 1919, by written notice to the mortgagor and the plaintiff, declared the principal of the mortgage debt due and payable and demanded payment from plaintiff on his guaranty.

If defendant had the right so to accelerate the maturity of the principal debt, as against plaintiff, the exclusion of evidence in support of the counterclaim was erroneous. The debt had not yet matured by the terms of the notes, so that, unless there had been an acceleration in the manner attempted, there was nothing due from plaintiff under his guaranty.

At the trial, plaintiff without denying his obligation, took the position that it had not matured and that the principal was not due. His position was that the acceleration clause in the mortgage permitted acceleration of the maturity of the principal debt only for the purpose of the security and foreclosure thereunder, and that it did not permit the holder of the notes to hasten maturity of the principal for the purpose of enforcing premature payment from plaintiff under his guaranty.

Plaintiff's position is based upon the rule of White v. Miller, 52 Minn. 367, 54 N. W. 736, 19 L. R. A. 673. The force of it is frankly admitted by counsel, who argues that White v. Miller is now out of line with the weight of authority, and that it should be departed from in this case, if not overruled.

However we might view the question if it were here for the first time, the rule of White v. Miller has been the law of this state since 1893. It is well understood by the bar and has become a rule of contract, if not of property. It was followed and confirmed in Burnside v. Craig, 140 Minn. 404, 168 N. W. 175, and Winne v.

La Hart, 155 Minn. 307, 193 N. W. 587. It has been acted upon times without number, on occasions which have not become the subject of litigation. It is so much a part of the settled law of the state that we must adhere to it.

Each of the notes in this case bears on its face this statement: "Given as evidence of a payment due under the terms of a certain mortgage of even date herewith." That is a mere memorandum identifying the note as one of those secured by the mortgage. It is really no part of the contract expressed by either note or mortgage. It is for identification and no other purpose. Therefore, we cannot agree with counsel for respondent that it has any effect whatever on the construction and resulting application of the acceleration clause of the mortgages.

It is argued that, if the notes and mortgages be construed together, the intention of the parties must be taken to be that the acceleration clause was a part of, and conditioned, the contract expressed in the notes.

If the result rested solely upon a construction of the notes and mortgages, there would be difficulty in avoiding that conclusion. It is supported by the peculiar closing phraseology of the acceleration clause, which was effective ten days after default, "anything hereinbefore *or in said promissory note* contained to the contrary thereof in anywise notwithstanding."

But here our task cannot be performed by construction of the notes and mortgages alone. The rights of the parties depend primarily upon the contract of guaranty. It touches but one of the obligations expressed by notes and mortgages. Mr. Jordan did not guarantee all of those obligations. He declined to guarantee payment of either taxes or interest. He guaranteed only payment of the principal, if the maker defaulted "in the payment of said principal" and not if he defaulted in payment of interest or taxes. That language clearly does not include and therefore should be taken to exclude, any liability in connection with or arising from a default in the payment of interest.

Nothing can be clearer than that, when the contract of guaranty was executed, the parties thoroughly understood that the guarantor,

Jordan, was expressly declining any obligation concerning interest or taxes, or any obligation arising from default concerning either. His only obligation was expressly made referable "to default in the payment of said principal" and we are of the opinion, and so hold, that the guaranty, so self-limited, applies only to the obligation of the maker to pay the principal of the notes *at their maturity*. It did not refer, and is not now applicable, to any other obligation that may have been imposed on the principal debtor by an acceleration of maturity, under the option reserved in the mortgage.

The freedom of plaintiff from the guaranty of interest payments, and all liability arising from default therein, would be frustrated completely, as to interest accruing thereafter, if we were to permit an acceleration of maturity of the principal as against the guarantor. If that had been permissible, it would have been possible for defendant. as assignee of the mortgage, immediately upon the first default as to interest or taxes (which might have occurred very shortly after the guaranty was made), to declare the whole sum due, and thereby start interest running against plaintiff, the guarantor, imposing upon him an obligation which he had expressly declined.

That result obviously was sought to be prevented by the contract of guaranty. We must decline so to apply that contract as to effectuate it.

Order affirmed.