### NELS O. HALL AND ANOTHER v. C. L. OLESON.[1]

July 30, 1926.

No. 25,320.

**Sufficient expression of consideration in guaranty of payment of notes to satisfy statute of frauds.**

A bank held a promissory note against Tibbits and another which it sold and transferred to plaintiffs without recourse. At the same time and as a part of the same transaction two officers (including defendant) executed and delivered to plaintiff a written guaranty of the payment of the note in which no reference is made to consideration, and defendant invokes the statute of frauds. *Held* that:

(1) It is sufficient if the consideration appears by necessary implication.

(2) The note and guaranty are to be construed together as one instrument.

(3) The consideration involved is the consideration which passed from the plaintiffs to the bank contemporaneously with the delivery of the guaranty.

(4) The qualified indorsement transferring the note to plaintiffs imports a consideration. This meets the requirements of the statute of frauds.

Bills and Notes, 8 C. J. p. 369 n. 15; p. 370 n. 18; p. 933 n. 19; p. 990 n. 9; p. 993 n. 27, 29 New, 37.

Frauds, Statute of, 27 C. J. p. 281 n. 37; p. 284 n. 84.

Guaranty, 28 C. J. p. 933 n. 19.

---

See 25 R. C. L. p. 664, et seq.

[1] Reported in 210 N. W. 84.

Plaintiffs appealed from an order of the district court for Blue Earth county, Comstock, J., denying their motion for a new trial after directed verdict for defendant in an action upon a guaranty. Reversed.

*Frundt & Morse* and *Regan & Grogan,* for appellants.

*Putnam & Carlson* and *C. J. Laurisch,* for respondent.

WILSON, C. J.

Appeal from an order denying a motion for a new trial after a directed verdict in favor of defendant.

Defendant was the president and one L. N. Olds cashier of the Wells National Bank. F. L. Tibbits and wife executed to the bank their note for $4,000. The bank sold it to the plaintiffs. The transfer was made by an indorsement without recourse. At the same time and as a part of the same transaction the defendant and the cashier executed and delivered to plaintiffs a guaranty, which was attached to the note, as follows:

"Wells, Minnesota, Sept. 21, 1920.

"Nels O. & John M. Hall,

"Wells, Minn.

"Gentlemen:

"We hand you herein F. L. Tibbits note of $4,000.00, dated July 3, 1920, and due December 3, 1920, bearing interest at 8% from date.

"This note and other notes running to the Wells National Bank, are secured by a mortgage in favor of the Wells National Bank, which mortgage we are holding in the bank's files, and we individually guarantee to you the payment of the within described note and interest.

"Yours truly,

"C. L. Oleson,

"L. N. Olds."

This action was brought against defendant to recover on the guaranty. The sole question presented by the record is whether the guaranty sufficiently expresses the consideration therefor to

satisfy the statute of frauds. G. S. 1923, § 8456.   The statute so far as here material reads:

"No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith."

2.   Every special promise to answer for the debt, default, or doings of another."

The statute must be given a liberal construction.   D. M. Osborne & Co. v. Baker, 34 Minn. 307, 25 N. W. 606, 57 Am. Rep. 55.   The facts in this case emphasize the importance of this rule.   The statute requires the expression of the consideration for the particular promise but it is sufficient when it appears by necessary implication. 27 C. J. 284.   In other words, it is unnecessary that the guaranty expressly state the consideration for the promise.   It is sufficient if, from the whole writing, it appears with reasonable clearness what the consideration was.   Straight v. Wight, 60 Minn. 515, 63 N. W. 105; Union Bank v. Coster, 3 N. Y. 203, 53 Am. Dec. 280.   The rule allowing two or more instruments given at the same time and relating to the same subject matter to be construed as one instrument applies to this kind of a transaction.   Union Bank v. Coster, supra; note 60 Am. St. 432; Ann. Cas. 1913B, 992; 25 R. C. L. 664; 28 C. J. 933.

The consideration involved in this transaction which supports the guaranty is the consideration which passed from the plaintiffs to the bank.   That consideration passed contemporaneously with the delivery of the guaranty.   Such consideration is imported by the qualified indorsement on the note which was delivered to the plaintiffs with the guaranty.   Where a guaranty of a note is given at the same time that the maker of the note gives it and such note expresses or imports a consideration, no expression of the consideration need be made in the guaranty.   The same logic applies to the facts in this case.   Indeed in Wilson S. M. Co. v. Schnell, 20 Minn. 33 (40), this court said:

"It may be shown, therefore, by parol, that the obligation was executed and delivered at the same moment of time with the note to which it refers. That being so, we think the weight of authority is in favor of the proposition that the objection that the consideration is not stated does not apply to a guaranty of a note when the written promise of the debtor sets forth a consideration, and the guaranty refers to the original indebtedness, and is made and delivered at the same time therewith."

A transfer of a promissory note imports a consideration for a guaranty of its payment made by the transferer. 27 C. J. 281; Ann. Cas. 1913B, 994; Moses v. Lawrence County Bank, 149 U. S. 298, 13 Sup. Ct. 900, 37 L. ed. 743. An indorsement is presumed to be based upon a consideration in an action by a holder against the indorser. 8 C. J. 992; Daniel, Neg. Inst. (6th ed.) § 667. 8 C. J. 992, says the presumption of the receipt of value is not operative between the original parties only, but wherever the bill or the note can be used as evidence, either against the parties or against third persons, the same legal presumption arises.

A qualified indorsement, such as here involved, constitutes the indorser a mere assignor of the title. G. S. 1923, § 7081; Central Met. Bank v. Chippewa County Bank, 160 Minn. 129, 199 N. W. 901. But the fact that the note was indorsed without recourse does not change the presumption. G. S. 1923, § 7081, provides that a qualified indorsement does not impair the negotiable character of the instrument. The indorsement even though without recourse presumes that value was received by the bank equally as if it had expressly stated "for value received." G. S. 1923, § 7067, provides that every person whose signature appears on a negotiable instrument is deemed prima facie to have become a party thereto for value. The bank became a party to the indorsement under its contract implied by § 7108 and within the meaning of G. S. 1923, § 7067. In fact by § 7102 plaintiffs were prima facie holders of the note in due course which includes the presumption that they paid a valuable consideration for the note. Such presumption prevails against the world. Hence the consideration for this guaranty is clearly indicated

from the two instruments involved when construed as one instrument. That is all that the statute requires.

Reversed.

QUINN, J. dissents.