## FARMERS & MERCHANTS NATIONAL BANK OF CANNON FALLS v. CHARLES DOFFING AND ANOTHER.[1]

April 1, 1927.

No. 25,969.

**Guaranty waiving consent of guarantors to extension or renewal of note.**

1.   When a person by a separate written instrument guarantees the payment of a promissory note when due, the stipulations in the note, wherein the guarantors agree that renewal or extensions may be granted the maker without their consent, cannot be read into the contract of guaranty unless they are set forth or identified by reference.

The acceptance of renewal notes for a definite period constitutes a definite agreement of extension of time of payment to the maturity of the notes.

**Effect of taking another note as collateral to the original note.**

2.   The mere taking of another note as collateral to the original obligation will not discharge a guarantor.   Where a new note is taken and the original note is not surrendered there is no presumption that the former is collateral to the latter.

**Consideration for extension.**

3.   The agreement in the new note to pay interest accruing in the future is a sufficient consideration to support the contract for extension.

Bills and Notes, 8 C. J. p. 432 n. 80, 88; p. 439 n. 56.
Guaranty, 28 C. J. p. 933 n. 19, 20 New; p. 1006 n. 19.

---

See note in 52 L. R. A. (N. S.) 353; 3 R. C. L. 1217; 1 R. C. L. Supp. 1010.

[1]Reported in 213 N. W. 375.

Action in the district court for Goodhue county on guaranties of certain promissory notes. Plaintiff appealed from an order, Schultz, J., denying its motion for a new trial. Affirmed.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*Thos. Mohn* and *Horace W. Mohn,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order denying its motion for a new trial.

On June 11, 1923, Wadson Patalas executed and delivered his note for $1,000 to the Mohall Security Bank, payable November 1, 1923. On April 28, 1923, J. P. Stevens gave said bank his note for $1,707.18 payable October 1, 1923. On October 22, 1923, C. J. Tuor gave his note to said bank for $3,000 payable six months after date.

The Patalas note contained this language: "The * * * guarantors, and endorsers hereof hereby * * * consent that the time of payment may be extended or this note renewed without affecting their liability thereon." The Tuor note contained this language: "The * * * guarantors of this note agree that any renewal or extension may be granted to the maker without their consent and without releasing them from liability." The record does not show that the Stevens note contained any provision for renewal or extension.

On July 25, 1923, said bank assigned the Patalas and Stevens notes to plaintiff and in consideration of plaintiff buying these notes defendants by a separate instrument in writing guaranteed their payment saying: "We * * * hereby guarantee the payment of said notes when due, * * * presentation for payment, protest and notice of dishonor being waived by us." Said Mohall bank assigned said Tuor note to plaintiff on or about October 22, 1923. In consideration of plaintiff buying said note defendants on November 6, 1923, gave plaintiff another separate, written guaranty of like tenor covering the Tuor note.

Patalas failed to pay his note when demanded at maturity. On December 6, 1923, a renewal note was given to the Mohall bank

due October 1, 1924. This note on the day of the date thereof was transferred to plaintiff without the knowledge of defendants. Stevens did not pay his note when demanded upon its maturity. He did pay $32.18 on the principal and interest to December 7, 1923, when he gave his renewal note for $1,675 due October 1, 1924, to the Mohall bank which transferred it to plaintiff. Tuor did not pay his note when demanded at maturity. On May 24, 1924, Tuor gave his renewal note for $3,000 due November 1, 1924, to plaintiff.

This action is to recover upon the respective guaranties, the complaint stating three causes of action. The trial court sustained defendants' contention that they did not consent to the extension of time for payment.

1. Plaintiff claims that the notes and the guaranty are to be read together as constituting the contract of guaranty. Under some circumstances this may be done. 28 C. J. 933; Hall v. Oleson, 168 Minn. 308, 210 N. W. 84. But in this case the notes which contain the provision for extension of time of payment or renewal were not a part of the transaction which constituted the guaranty. That was a part of the transaction between the makers and the payee in the notes.

The contract of guaranty was a separate instrument not made when the notes were made, and did not arise out of the transaction which brought the notes into existence. The language in the notes was never intended to be binding upon any persons but those who became parties to them. The guarantor's liability is not determined by the terms of the note but upon his contract to pay, in case his principal fails, which is entirely a separate and independent obligation. Northern State Bank v. Bellamy, 19 N. D. 509, 125 N. W. 888, 31 L. R. A. (N. S.) 149; Schultz v. Wise, 93 Neb. 718, 141 N. W. 813; Jordan v. Flour City F. & T. Co. 159 Minn. 518, 199 N. W. 231; Acme Brick Co. v. West (Tex. Civ. App.) 215 S. W. 476. The stipulations of the original obligations cannot be read into the contract of guaranty unless they are set forth or are identified by reference. Guerini Stone Co. v. P. J. Carlin Const. Co. 240 U. S. 264, 36 Sup. Ct. 300, 60 L. ed. 636; Mount Calvary Church v. Albers, 174 Mo. 331, 73 S. W. 508. Defendants contracted to pay certain notes

"when due." The renewals at maturity extended the time of payment for a definite period during which the debtor could not be made to pay. These notes and their acceptance constituted a definite agreement of extension of time of payment to the maturity of the notes. This released the guarantors. Wheaton v. Wheeler, 27 Minn. 464, 8 N. W. 599; Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; Guderian v. Leland, 61 Minn. 67, 63 N. W. 175; St. Paul Trust Co. v. St. Paul Chamber of Commerce, 64 Minn. 439, 67 N. W. 350; Norton v. Met. Life Ins. Co. 74 Minn. 484, 77 N. W. 298, 539; Bandler v. Bradley, 110 Minn. 66, 124 N. W. 644; Mason v. Edward Thompson Co. 94 Minn. 472, 103 N. W. 507; Dun. Dig. §§ 4083, 9096; Colvin v. Glover, 143 Ark. 498, 220 S. W. 832; Tallman v. Bennett, 154 Ark. 42, 241 S. W. 362.

2. The argument is made that the new Patalas and Tuor notes were taken as collateral to the original notes which were not surrendered. The complaint says these new notes were renewals. Plaintiff did not prove that they were taken as collateral. There is no presumption to that effect. The mere taking of another note as collateral would not discharge the guarantor. Second Nat. Bank v. Graham, 246 Pa. St. 256, 92 Atl. 198; 8 C. J. 432. But the guarantor is discharged if there is an agreement for delay or where the holder of past due paper takes a note payable at a future day and agrees to hold the original paper until maturity of the new paper.

3. It is said that the agreement for extension of time of payment is not supported by a consideration. But the agreement in the new notes, to pay interest during that period, i. e., interest to accrue in the future, is a sufficient consideration to support the contract. 8 C. J. 438, § 647 (c); Nelson v. Flagg, 18 Wash. 39, 50 Pac. 571; Drescher v. Fulham, 11 Colo. App. 62, 52 Pac. 685; Adams v. Ferguson, 44 Okla. 544, 147 Pac. 772; Lahn v. Koep, 139 Iowa, 349, 115 N. W. 877, 52 L. R. A. (N. S.) 327; Maker v. Taft, 41 Okla. 663, 139 Pac. 970, 52 L. R. A. (N. S.) 331; McComb v. Kittridge, 14 Ohio, 348. The makers' promise to keep the money for the specified time and pay interest on it must be taken as an advantage to the plaintiff. Lahn v. Koep, 139 Iowa, 349, 115 N. W. 877, 52 L. R. A.

(N. S.) 327; Conkling v. Young, 141 Iowa, 676, 120 N. W. 353. Affirmed.